The Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request for an opinion on the following specific questions:
 (1) Is Ark. Stat. Ann. 22-449 constitutional in that it allows Chancellors the authority to set salaries? Please examine in the light of Venhaus v. State, 285 Ark. 23 (1985) and the concept of separation of powers.
 (2) May the Quorum Court refuse to fund a Master and demand that the parties to the litigation pay for his services pursuant to Arkansas Rule of Civil (sic) Procedure 53?
Ark. Stat. Ann. 22-449 (Supp. 1985) governs the appointment of masters or commissioners in chancery. The Judge of the Chancery Court may appoint any person as "Master or Commissioner in Chancery." The statutes goes on to state that "(a)ny Master or Commissioner appointed shall receive for such services such compensation as may be fixed by the court, unless the amount of compensation shall be now or hereafter fixed by law."
In Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 292
(1985), the Arkansas Supreme Court invalidated a statute which provides for the salaries of probation officers and deputy probation officers to be set by the circuit judge within certain ranges. The Court declared the statute unconstitutional under the separation of powers doctrine, stating that "(u)nder our constitutional doctrine, the legislative branch is to fix salaries." 285 Ark. at 27, citing Beaumont, Judge v. Adkisson, Judge, 267 Ark. 511, 593 S.W.2d 11 (1980).
It should be initially emphasized in response to your first question that cases are legion for the proposition that acts of the legislature are presumed constitutional. The general rules for determining the constitutionality of legislative enactments were restated in Stone v. State, 254 Ark. 1011, 1013, 498 S.W.2d 634
(1973) as follows:
 In approaching every question pertaining to constitutionality of an act of the legislative branch, the judiciary must always keep certain basic principles in mind, all of which are essential to the welfare of the checks and balances provided by the American tripartite system of government. The first of these is that the legislature's power is limited only by the state and federal constitutions. . . . The next is that a presumption of constitutionality attends every such act. . . . All doubt must be resolved in favor of constitutionality. . . . Another principle is that if it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will, do so. . . . Another way of stating this elementary rule is that every reasonable construction must be resorted to in order to save the statute from unconstitutionality. (Citations omitted.)
It may be significant to note for the purposes of a review of Ark. Stat. Ann. 22-449 under the "separation of powers" doctrine (Ark. Const. Art. 4, 1, 2) that this statute addresses the appointment and compensation of persons as masters or commissioners in particular chancery court proceedings. These persons are distinguishable from "standing masters" whose salaries are set by statute. See Ark. Stat. Ann. 22-442 et seq. (Repl. 1962 and Supp. 1985). While the Arkansas Supreme Court has stated that the setting of salaries is within the province of the legislature, it is not clear whether this pronouncement applies to other court costs and expenses. It may be successfully contended that Venhaus v. State is factually distinguishable since that case involved a circuit court's attempt to fix the salaries of probation officers and not expenses relating to each proceeding.
The Court in Nail v. State, 231 Ark. 70, 328 S.W.2d 836 (1959) upheld a statute providing for the payment of attorneys appointed by the circuit court to represent persons charged with a misdemeanor or felony. The statute, Ark. Stat. Ann. 43-2415, stated that such person ". . . shall receive for his services in representing said accused a fee of not less than twenty-five dollars ($25.00) and not more than two hundred fifty dollars ($250.00)." (This statute was subsequently repealed. For present law, see Ark. Stat. Ann. 43-2419 (Cum. Supp. 1985)). The Court noted with approval the fact that the statute provided for the attorney's fee to be fixed by the circuit court, stating that ". . . the amount of the fee awarded under this section is entirely within the discretion of the circuit court." 231 Ark. at 85. This case may be cited in support of the constitutionality of 22-449 due to the arguable similarity between expenses arising from the appointment of masters or commissioners in particular proceedings and attorneys. It must be acknowledged, however, that 22-449, unlike the statute involved in Nail v. State, does not include a range of compensation. And while we find no cases offering guidance on the question, it may be successfully contended that a person appointed as master or commissioner under 22-449 is an officer or employee of the State whose compensation thereunder is the equivalent of a salary or fee which must be fixed by the legislature. This potential outcome leads us to conclude that 22-449 is constitutionally suspect.
Your second question involves the Quorum Court's refusal to fund a master and its alternative demand that the master's services be funded under Rule 53 of the Arkansas Rules of Civil Procedure. While Rule 53 does provide for the appointment of a "special master" whose compensation is to be paid by the parties, it is my opinion that Ark. Stat. Ann. 22-449 will control with respect to masters or commissioners appointed thereunder by the chancery court. This conclusion is consistent with the rule of statutory construction mandating the application of a special statute governing a particular subject rather than a general law. Brown 
Root, Inc. v. Hempstead County Sand Gravel, Inc., 767 F.2d 464
(1985).
The Quorum Court's refusal to fund a master appointed under 22-449 may also fail in the face of an argument that the circuit court's appointment of a master reflects an act which is necessary and essential for the court to operate. See Venhaus v. Lofton, supra. The Judge of the Circuit Court would, in that instance, have the inherent authority to set the master's compensation. Id. The emergency clause contained in Section 4 of Act 37 of 1967 indicates that the legislature envisions this as an essential function wherein it is stated that ". . . it is essential to the orderly administration of county government and of the courts of the respective counties that full discretion of the appointment and nomination of Masters and Commissioners who are to act for the courts of the several counties, be given to the several chancery courts." (22-449 is the codification of Act 37 of 1967).
It is therefore my opinion that the answer to your second question is no.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.